UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOIS DIVISION

| | |
|---|---|
| C. WAYNE SEELEY, III, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:13-cv-0136-TWP-DML |
| ) | |
| FAYETTE CIRCUIT/SUPERIOR ) | |
|    COURTS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

Plaintiff C. Wayne Seeley, III, is a "prisoner" as that term is defined in 28 U.S.C. § 1915(h). Seeley now seeks damages from what he has characterized as his wrongful conviction(s) entered in Fayette County, Indiana. He has named as defendants (a) the trial judge, and (b) three prosecutors in the case. Seeley's complaint is subject to the screening requirement of 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Applying the foregoing standard, Mr. Seeley's action must be dismissed because his complaint fails to state a claim upon which relief can be granted. This conclusion rests on the absolute immunity from an action for damages against the defendant judge, because the trial judge enjoys judicial immunity from liability of any nature based on the conduct alleged or imputed to him. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of

jurisdiction. Additionally, immunity exists for the defendant prosecutors for the conduct attributed to them in this case. *See Hartman v. Moore,* 547 U.S. 250, 261-62 (2006); *Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir. 2000).

"[A] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). Plausibility is defeated, however, if a plaintiff pleads himself out of court. That is what has occurred here.

For the reasons explained above, therefore, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is now mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. Seeley's request for the issuance of subpoenas [16] is denied.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   04/03/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

C. WAYNE SEELEY, III
142081
FAYETTE COUNTY JAIL
123 W. 4th Street
Connersville, IN 4733